UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61537-CIV-MORENO/SIMONTON
**CONSENT CASE**

LISA MITCHELL,

    Plaintiff,

v.

THREE SEAS LIMITED PARTNERSHIP, LP and
JAC PROPERTY MANAGEMENT, LLC,

    Defendants.
_____/

**AMENDED ORDER SETTING TELEPHONIC STATUS AND SCHEDULING CONFERENCE**
(Amended Only To Correct Case Number)

This matter is before the Court *sua sponte*. Pursuant to the consent of the parties, the Honorable Federico A. Moreno, Chief United States District Judge, has referred this case to the undersigned Magistrate Judge for final disposition (DE # 13).

The Court having reviewed the matter and being otherwise duly advised in the premises, does hereby

**ORDER** that a telephonic status and scheduling conference is set for **Thursday, February 21, 2008 at 4:00 p.m.**, regarding the present scheduling order and to select a special setting for trial. Plaintiff shall initiate the conference call.

Unless altered by further Order, the existing deadlines remain in effect. If the parties desire to alter the existing scheduling order, the parties shall confer prior to the hearing in an effort to agree with respect to the dates to be included in the attached Proposed Time Schedule. The parties shall file the Proposed Time Schedule on or before **February 19, 2008**.

If any party has a conflict regarding the date of the hearing, that party shall

coordinate with the other parties to find proposed alternative available dates.  This can be accomplished via a conference call with the chambers of the undersigned Magistrate Judge.  If the parties cannot agree, the party seeking to change the date shall file a motion with the Court.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 7, 2008.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

## Proposed Time Schedule

The following time schedule shall govern unless modified by court order after a showing of compelling circumstances. Absent a court order, a motion to dismiss shall not stay discovery.

| DATE | ACTION |
|---|---|
| By | Each party shall exchange lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order. **Prior to filing any non-dispositive motion, counsel for the moving party shall confer, or make reasonable effort to confer, with counsel for the opposing party in a good faith effort to resolve the matter, and shall include in the motion a statement certifying that this has been done.** |
| By | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those expert witnesses listed shall be permitted to testify. |
| By | Plaintiff shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule 16.1(K): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a |

|  |  |
|---|---|
|  | summary of the grounds for each opinion. |
| **By** | **Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify.** |
| **By** | **Defendant shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial.  The summaries/reports shall include the information required by Rule 16.1(K):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.** |
| **By** | **Plaintiff shall furnish opposing counsel with a written list containing the names, addresses and summaries/reports of any rebuttal <u>expert</u> witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule 16.1(K):  lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.** |
| **By** | **All non-expert discovery shall be completed.** |
| **By** | **All expert discovery shall be completed** |
| **By** | **The parties shall furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify.** |
| **By** | **All dispositive pretrial motions and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary** |

|  |  |
|---|---|
|  | judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)], the motion to strike shall be filed with that party's responsive memorandum. |
| **By** | **Mediation shall be completed.** |
| **By** | **Pretrial Stipulation.** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E), and in accordance with paragraph six above. In conjunction with the joint pretrial stipulation, the parties shall file their motions in limine. |
| **By** | **Plaintiff shall file a single, joint set of proposed jury instructions and verdict forms**, with a copy provided to the chambers of the undersigned Magistrate Judge by hand-delivery or facsimile. The joint jury instructions shall include, in the appropriate order, each instruction as to which the parties agree, and each contested instruction proposed by either party. Following each contested instruction, the opposing party shall state its objection and include a proposed alternative instruction, if one is sought. Contested jury instructions should include citation of legal authority by each party to support their position, including any applicable regulations contained in the Code of Federal Regulations. |
|  | **[or for bench trials]** |
|  | **The parties shall file proposed Findings of Fact and Conclusions of Law.** |
| **On**    **at** | **Pretrial conference** |
| **On**    **at** | **Specially set trial commences** |